UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nathan Christopher Braun,

    Plaintiff,

v.

Stearns County Jail,

    Defendant.

Case No. 23-cv-1413 (KMM/DTS)

**REPORT & RECOMMENDATION**

Plaintiff Nathan Christopher Braun sued the Stearns County Jail generally alleging deprivation of his civil rights during his time in disciplinary lockdown. Compl., Dkt. No 1. He has also filed several motions seeking various forms of relief. For the reasons explained below, the Court recommends those motions [Dkt. Nos. 4, 5, 9, 12, 15, and 19] be denied.

**ANALYSIS**

The motions Braun has filed fall into two categories: (1) filings requesting access to paper, stationery, mailing supplies, etc. for use in sending legal mail (Dkt. Nos. 4, 5, 9); and (2) filings for injunctive relief which allege new facts not embraced by the complaint (Dkt. Nos. 12, 15, 19). Those filings contend harassment on the part of a jail officer, which "trigger[ed] a PTSD response" in Braun (Dkt. No. 15) and that Stearns County Jail has failed to provide Braun with his special religious diet (Dkt. Nos. 12, 19). The Court briefly addresses each category in turn.

As to Category 1, these filings are generally duplicative of the relief sought in the Complaint, which somewhat generally alleges due process violations, including specifically by limiting access to stationery and legal envelopes. Compl. at 2; Dkt. No. 1.

Braun has not demonstrated any emergency need for these materials and, in fact, his repeated filings in this case tend to bely his allegations. *See* docket. The Court recommends those motions therefore be denied.

As to Category 2, these requests all fail for the same reason. As noted above, Braun broadly contends Stearns County Jail's treatment of prisoners in disciplinary lockdown is unlawful. He specifically contends such inmates are denied visitation privileges, grooming and hygiene access, and access to legal materials including envelopes and stationery. Compl. at 2-3; Dkt. No. 1. Nowhere does his complaint contend psychological harassment or claim religious persecution. Temporary injunctions are designed to preserve the status quo until the Court can rule on the merits of a plaintiff's claim. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). The plaintiff therefore "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* New assertions that are unrelated to the facts pled in the complaint are not grounds for temporary relief. *Id.* Here, Braun has not tied the alleged injuries in his motions for injunctive relief to the conduct asserted in his complaint and therefore the Court recommends his motions be denied.

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Braun's Motion to Order the Defendants to Allow the Plaintiff to be in Receipt of his Stationery, etc. [Dkt. No. 4] is **DENIED.**

2. Braun's Motion to Order the Facility to Provide Me Access to My Purchased Envelopes, etc. [Dkt. No. 5] is **DENIED.**

3. Braun's Emergency Motion for Immediate Order for Protection [Dkt. No. 9] is **DENIED.**

4. Braun's Motion for Expedited Handling/Emergency Filing Demanded for Court to Intercede [Dkt. No. 12] is **DENIED**.

5. Braun's Motion for Temporary Restraining Order [Dkt. No. 15] is **DENIED.**

6. Braud's Motion for Preliminary Injunction, Motion for Temporary Restraining Order [Dkt. No. 19] is **DENIED.**


Dated: July 7, 2023                       ___s/David T. Schultz_____
DAVID T. SCHULTZ
United States Magistrate Judge