UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nathan Christopher Braun,                  No. 23-cv-1413 (KMM/DTS)

    Plaintiff,

v.                                               **ORDER**

Stearns County Jail,

    Defendant.

This matter is before the Court on Nathan Christopher Braun's Objections to Magistrate Judge David T. Schultz's July 7, 2023 Report and Recommendation (R&R) recommending denial of six motions[1] Mr. Braun filed seeking various forms of relief. [Objections, ECF No. 23; R&R, ECF No. 21.] The Court reviews Mr. Braun's Objections *de novo*. *Dorsey & Whitney LLP v. United States Postal Serv.*, 402 F. Supp. 3d 598, 602 (D. Minn. 2019), *as amended* (Oct. 11, 2019) (citing 28 U.S.C. § 636(b)(1). Based on that review, the Court accepts R&R and overrules Mr. Braun's objections.

Judge Schultz recommended the first three motions ("Category 1"), which sought access to supplies for use in sending legal mail, be denied because they are generally duplicative of the relief sought in the Complaint, but Mr. Braun failed to show any

---

[1] The motions at issue include: (1) Plaintiff's Motion to Order the Defendants to Allow the Plaintiff to be in Receipt of his Stationery, etc. [ECF No. 4]; (2) Plaintiff's Motion to Order the Facility to Provide Me Access to My Purchased Envelopes, etc. [ECF No. 5]; (3) Plaintiff's Emergency Motion for Immediate Order for Protection [ECF No. 9]; (4) Plaintiff's Motion for Expedited Handling/Emergency Filing Demanded for Court to Intercede [ECF No. 12]; (5) Plaintiff's Motion for Temporary Restraining Order [ECF No. 15]; and (6) Plaintiff's Motion for Preliminary Injunction, Motion for Temporary Restraining Order [ECF No. 19].

emergency need for the relief he requested. Judge Schultz concluded that the second group ("Category 2"), which challenged alleged harassment by a jail officer and failure to provide a special religious diet, should be denied because Mr. Braun did not tie those alleged injuries to the unlawful conduct he asserted in his Complaint.

Addressing the R&R's recommendation as to Category 1, Mr. Braun asserts that even if he is now receiving materials for use in preparing filings and submitting items via legal mail, he had to file a lawsuit to get the Defendant to make those materials available, and no other similarly situated detainee of the jail is receiving the same access to those supplies. [ECF No. 23 at 1.] To the extent Mr. Braun objects to the R&R's conclusion regarding the Category 1 motions because of alleged injuries to any other individual, that objection is overruled because "as a pro se litigant, [Mr. Braun] may not represent the interests of other parties." *E.g.*, *Deas v. Kenney*, No. 8:15CV35, 2015 WL 1883614, at *2 (D. Neb. Apr. 24, 2015) (citing *Litschewski v. Dooley*, No. 11–4105–RAL, 2012 WL 3023249, at *1 n .1 (D.S.D. July 24, 2012), *aff'd*, 502 Fed. Appx. 630 (8th Cir. 2013).

With respect to Category 2, Mr. Braun objects to the R&R's conclusion that the psychological harassment and religious diet discrimination alleged in his motions to the conduct asserted in his Complaint. [ECF No. 23 at 1.] Although Mr. Braun argues that his Complaint alleges a violation of his Eighth Amendment rights and religious discrimination, the Court has reviewed the pleadings agrees with Judge Schultz's conclusions.

Accordingly, **IT IS HEREBY ORDERED THAT** the Report and Recommendation [ECF No. 21] is ACCEPTED; Mr. Braun's Objeections [ECF. No. 23]

are OVERRULED; and Mr. Braun's motions at docket entries 4, 5, 9, 12, 15, and 19 are DENIED.

Date: October 2, 2023  *s/Katherine Menendez*
Katherine Menendez
United States District Judge