UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Nathan Christopher Braun, | Case No. 23-cv-1413 (KMM/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Stearns County Jail, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Nathan Christopher Braun's (1) filing titled "Statement of Facts," ECF No. 1 (Complaint); (2) Application to Proceed IFP, ECF No. 2 (IFP Application); (3) Motion for Protective Order and Temporary Injunction, ECF No. 24 (Injunctive-Relief Motion); and (4) Petition to Perpetuate Testimony by Deposition Pursuant to Fed. R. Civ. P. 26, ECF No. 26 (Deposition Motion). For the following reasons, the Court recommends dismissing this action for lack of jurisdiction and denying (as moot) the IFP Application, Injunctive-Relief Motion, and Deposition Motion.

This action commenced on May 17, 2023, when the Court received Braun's "Statement of Facts." *See* Docket. This appears to be Braun's attempt to submit a case-initiating filing. *See generally* Compl. The Court is required to construe *pro se* litigants' filings liberally. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Smith v. Andrews*, 75 F.4th 805, 808 (8th Cir. 2023) (quoting *Erickson*). The Court therefore treats the "Statement of Facts" as, essentially, a complaint.

The Complaint names one defendant: the Stearns County Jail (SCJ). *See* Compl. 1. When Braun filed the Complaint, he resided at the SCJ—as best as the Court can tell, he was in pretrial detention facing trial in a Minnesota state-court criminal matter. *See, e.g.*, *id.* at 4 (containing signature block indicating that Braun was at SCJ in May 2023); Register of Actions, *State v. Braun*, No. 73-CR-23-0188 (Minn. Dist. Ct.) (indicating that these proceedings were in process during May 2023 timeframe). The Complaint asserts that SCJ officials have mistreated Braun by failing to follow SCJ rules concerning disciplinary actions. *See, e.g.*, Compl. 1–3. Broadly speaking, Braun claims that this conduct violated his constitutional due-process rights. *See id.* at 3–4.

Detailed analysis of Braun's claims is unnecessary here given three aspects of the Complaint. First, all of Braun's claims concern his conditions of confinement at the SCJ. *See id.* at 1–4. Second, the Complaint makes no request for relief—and critically, no request for damages relief. *See, e.g.*, *id.* at 4.[1] And third, the Complaint's last page suggests that Braun intends to "[a]mend [the Complaint]" to include other claims. *Id.* On this third point, the Court observes that while Braun is—to say the least—not shy about submitting filings, he has never filed an amended pleading following up on this Complaint statement. *See* Docket. The result is that the issues before the Court are simply those in the Complaint—and those are limited to alleged conduct bearing on Braun's SCJ conditions of confinement.

But Braun is no longer at the SCJ. Mail sent by the Court to the SCJ in October 2023 was returned, and at that time the Minnesota Department of Corrections's online

---

[1] An additional point here: Braun has submitted all manner of filings demanding injunctive relief in this action, *see generally* Docket, but none has suggested that he seeks damages.

2

inmate locator indicated that Braun was at the Minnesota Correctional Facility in St. Cloud, Minnesota.  *See* Docket.  That same locator now states that Braun has been under "[i]ntensive [s]upervised [r]elease" since December 26, 2023.  *See* Minn. Dep't of Corrs., Locator, *available at* https://coms.doc.state.mn.us/PublicViewer (last accessed Jan. 18, 2024).  Braun has not informed the Court of his current address, but whatever it is, he is not at the SCJ.  *See, e.g.*, Stearns Cnty., Stearns County Current Inmates, *available at* https://jailroster.stearnscountymn.gov/Current (last accessed Jan. 18, 2024).

This matters because "'[i]n general, a pending claim for injunctive relief becomes moot when the challenged conduct ceases and there is no reasonable expectation that the wrong will be repeated.'"  *Beaulieu v. Ludeman*, 690 F.3d 1017, 1024 (8th Cir. 2012) (quoting *Roubideaux v. N.D. Dep't of Corr. & Rehab.*, 570 F.3d 966, 976 (8th Cir. 2009) (brackets added)); *see also, e.g.*, *Laughlin v. Stuart*, No. 19-CV-2547, 2022 WL 666738, at *22 (D. Minn. Jan. 21, 2022) ("Once an inmate has been transferred, . . . injunctive relief claims that relate to the conditions of confinement are moot." (citing cases)), *report and recommendation adopted*, 2022 WL 658701 (D. Minn. Mar. 4, 2022), *aff'd in relevant part*, No. 22-1742, 2022 WL 12165755 (8th Cir. Oct. 21, 2022).  Applied here, this rule means that Braun's claims in this case—injunctive-relief claims based on conduct at a facility where Braun no longer resides—are now moot.

That conclusion dooms this action.  "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies."  *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)); *see also, e.g.*, *Folta v. Norfork Brewing Co.*, 88 F.4th 1266, 1267–68 (8th Cir. 2023) (making similar points (quoting *Already, LLC*

3

*v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). Because Braun's claims here are moot, federal courts—including this Court—lack jurisdiction over them. The Court therefore recommends dismissing this action without prejudice for lack of jurisdiction.[2]

This leaves Braun's pending motions. His IFP Application asks the Court to let him proceed *in forma pauperis* in this action. *See* IFP Appl. 1. The Injunctive-Relief Motion's title suggests that it seeks some form of injunctive relief from the Court, but review shows it actually contains no specific relief request. *See generally* Injunctive-Relief Mot. Finally, the Deposition Motion asks the Court to let Braun depose various individuals. *See* Deposition Mot. 1. Given the Court's recommendation that this action be dismissed, the Court further recommends that all three of Braun's pending motions be denied as moot.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Plaintiff Nathan Christopher Braun's Application to Proceed IFP, ECF No. 2; Motion for Protective Order and Temporary Injunction, ECF No. 24; and Petition to Perpetuate Testimony by Deposition Pursuant to Fed. R. Civ. P. 26, ECF No. 26, be **DENIED** as moot.

Dated: January 24, 2024            ___s/David T. Schultz_____
                                   DAVID T. SCHULTZ
                                   U.S. Magistrate Judge

---

[2] District courts can consider questions of their own jurisdiction on their own initiative. *See, e.g.*, *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) (citing *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010)); *Sacks v. Univ. of Minn.*, 600 F. Supp. 3d 915, 929 (D. Minn. 2022) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).